# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **HARRIS RESEARCH INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**ROBERT M. ALLIANO, SR.,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE JUDGMENT**<br><br>Case No. 1:18-CV-00146-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Robert M. Alliano Sr.'s ("Mr. Alliano") Motion to Vacate the Judgment rendered by this court against Mr. Alliano on March 22, 2019. The parties have fully briefed the motion. The court concludes that a hearing on the motion would not significantly aid in its determination of the matter. Accordingly, the court enters the following order based on the materials submitted by the parties and the law and facts relevant to the motion.

## DISCUSSION

Plaintiff Harris Research Inc. ("HRI") is the franchisor of Chem-Dry, and Mr. Alliano is a former Chem-Dry franchisee. After Mr. Alliano failed to renew his franchise agreement in 2016, HRI brought an arbitration claim against Mr. Alliano for an unpaid debt before the American Arbitration Association. During the arbitration process, Mr. Alliano was properly served with all relevant documents regarding the arbitration. (ECF No. 10). It was confirmed via a series of letters that Mr. Alliano had actual notice of the proceedings. *Id.*; *see also* ECF No. 7-1 at Mr. Alliano's April 3, 2018 and August 13, 2018 letters. Despite receiving proper notice, Mr.

Alliano did not participate in the arbitration. (ECF No. 9; Exh. A at ¶¶ 1-5). Arbitrator James R. Holbrook issued an Arbitration Award in favor of HRI and against Mr. Alliano on October 11, 2018. *Id*. at ¶¶ 18-20. This award was sent to Mr. Alliano by regular and certified mail on October 12, 2018. (ECF No. 10 at ¶¶ 5, 12).

On November 14, 2018, HRI filed its Petition to Confirm Arbitration Award in this court. (ECF No. 3). Mr. Alliano was served with this petition on November 17, 2108. (ECF No. 4). Mr. Alliano never responded. (ECF No. 10 at ¶ 17). The court granted the petition and entered judgment against Mr. Alliano on March 22, 2019. (ECF Nos. 5-6). Since then, HRI has tried to collect this judgment against Mr. Alliano.

On January 24, 2020, Mr. Alliano was notified that this judgment was entered into the U.S. District Court for the District of New Jersey, where Mr. Alliano owns two pieces of real property, and that HRI was trying to collect this judgment against him. (ECF No. 10 at ¶ 21 and Exh. C). Mr. Alliano did not respond to this notification. (ECF No. 10 at ¶ 22). An attorney for HRI then moved the Superior Court of New Jersey to record the federal judgment, prepared and served Mr. Alliano with a required Information Subpoena, and served Mr. Alliano with an Order to Comply after Mr. Alliano refused to respond to the subpoena. (ECF No. 10 at ¶ 23). Mr. Alliano then wrote Judge Schweitzer of the New Jersey Superior Court, in an attempt to argue the substantive facts of his case. (ECF No. 11 at p. 13-14). During a phone call with a clerk of that court, the clerk told Mr. Alliano that the New Jersey Superior Court could not make a determination in Mr. Alliano's case and that Mr. Alliano would need to file a motion to vacate judgment in the proper court in Utah. (ECF No. 11 at p. 21).

Mr. Alliano filed the present motion on August 5, 2021 in this court – within which he brings up facts that he believes should have been considered in his case, but does not cite any

laws to justify vacating a judgment. (ECF No. 7). Because Mr. Alliano filed this motion nearly two-and-a-half years after the entry of judgment, the court construes the motion as a Motion to Vacate Judgment under Rule 60 of the Federal Rules of Civil Procedure.

Rule 60(b) of the Federal Rules of Civil Procedure "provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Johnson v. Spencer*, 950 F.3d 680, 694 (10th Cir. 2020) (internal quotations omitted). Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (internal quotations omitted). "[A] Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument." *Saggiani v. Strong*, 718 App'x 706, 709 (10th Cir. 2018) (internal quotations omitted). To prevail on a Rule 60(b) motion, a party must invoke one of the following six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088 (10th Cir. 2005). For all 60(b) reasons, there must be a "sufficient justification for the

3

delay," *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005) (internal quotations omitted), "taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Saggiani*, 718 F. App'x at 710 (quoting *Mullin v. High Mountain*, 182 Fed.Appx. 830, 833 (10th Cir. 2006)).

Mr. Alliano is barred from using subsections (1), (2), or (3) of Rule 60(b) as a means to vacate the judgment against him. These subsections have a firm time limitation of one year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Mr. Alliano filed his Motion to Vacate nearly two-and-a-half years after the entry of judgment, therefore he is time-barred.

In order for Mr. Alliano to properly bring his motion under subsections (4), (5), or (6) of Rule 60(b), he would need to provide sufficient justification that he filed his Motion to Vacate within a reasonable time after the entry of judgment. *See Saggiani*, 718 F. App'x at 710. The court finds that Mr. Alliano did not provide sufficient justification and that he did not file his Motion to Vacate within a reasonable time after the entry of judgment. Despite receiving all the required notifications, Mr. Alliano did not participate in the properly-held arbitration process, nor did he object to the Arbitration Award or the Petition to Confirm the Arbitration Award at the appropriate times. Instead, Mr. Alliano waited nearly two-and-a-half years after the entry of judgment to file the present motion to vacate – a motion within which he brings up facts that should have been raised in the arbitration proceedings. Due to the unjustified lengthy time that Mr. Alliano waited to file the present motion, and in consideration of finality and the prejudice that HRI would suffer if the motion were now permitted, the court finds that Mr. Alliano is time-barred from bringing his motion under subsection (4), (5), or (6) of Rule 60(b).

Even if the court were not to time-bar Mr. Alliano bringing his motion under Rule 60(b)(4), (5), or (6), the court would nevertheless deny relief under these same subsections.

Fed. R. Civ. P. 60(b)(4) only permits a judgment to be set aside when it is void. A judgment is void under this rule "only in the rare instance where [the] judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Johnson*, 950 F.3d at 694. There is no such jurisdictional error here. There also has been no violation of due process. Mr. Alliano was aware of the arbitration, and he was properly served with notice and given opportunity to participate at each step of the process against him. Therefore, the judgment is not void and cannot be set aside under Rule 60(b)(4).

Fed. R. Civ. P. 60(b)(5) permits the setting aside of a judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Here, the judgment has not been satisfied, released, or discharged, and no earlier judgments have been reversed or vacated. Regarding the equity of judgment in the final part of subsection (5), this only applies "if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009). Mr. Alliano has not identified any significant changes in factual conditions between the date of the entry of judgment and the date that he filed the present motion. All the facts he identifies in his motion are facts from prior to the date of judgment that should have been raised in the arbitration proceedings. There is also no significant change in law that would make continued enforcement of the judgment detrimental to the public interest. Therefore, the court would not set aside the

5

judgment against Mr. Alliano under Rule 60(b)(5) if a motion under this rule were not already time-barred.

Fed. R. Civ. P. Rule 60(b)(6) "allows federal courts to relieve a party from a judgment for any reason – other than those in the five enumerated preceding categories – that justifies relief." *Johnson*, 950 F.3d at 700 (internal quotations omitted). "[R]elief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances. *Id.* at 701 (internal quotations omitted). Relief under this subsection of Rule 60(b) is the most difficult to attain, and "is appropriate only when it offends justice to deny such relief." *Yapp*, 186 F.3d at 1232 (internal quotations omitted); *Saggiani*, 718 App'x at 712 (internal quotations omitted). Furthermore, this subsection is not intended to relieve "a party from free, calculated, and deliberate choices he has made." *Kile v. United States*, 915 F.3d 682, 688 (10th Cir. 2019), *as corrected* (Feb. 15, 2019) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996). Mr. Alliano made deliberate choices to not participate in the arbitration process, to not hire counsel that could have properly guided him to present his factual disputes during the arbitration process, to not challenge the Arbitration Award that he was notified of, and to not challenge the Petition to Confirm Arbitration Award in this court. These were choices Mr. Alliano made freely. Therefore, there are no extraordinary or exceptional circumstances here that would justify the proper use of Rule 60(b)(6). Mr. Alliano could not get relief under Rule 60(b)(6) even if it were not already time-barred.

## **CONCLUSION**

Based on the above reasoning, Defendant's Motion to Vacate Judgment is DENIED.

6

DATED this 28 day of September, 2021.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

7